United States District Court
Southern District of Texas
**ENTERED**
January 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PETE EDWIN MARTINEZ, § <br> E-801-23 § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> J.E. EDDIE GUERRA, *et al.*, § <br> § <br> Defendants § § | CIVIL ACTION NO. 7:23-CV-298 |

## REPORT AND RECOMMENDATION

Plaintiff Pete Edwin Martinez, a state detainee proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Hidalgo County Adult Detention Center. (*See* Docket No. 1.) Martinez, however, has failed to comply with this court's order of September 21, 2023. He has also failed to keep the court apprised of his current address. As discussed below, the undersigned recommends that this action be dismissed for failure to prosecute.

### I. BACKGROUND

In September 2023, Martinez filed the instant action under 42 U.S.C. § 1983, asserting a claim for excessive force that occurred at the Hidalgo County Detention Center. (*See* Docket No. 1.) Martinez also filed an application to proceed *in forma pauperis*, but neglected to include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (*See* Docket No. 2.) In September 2023, the Court entered an order instructing Martinez that if he wished to proceed with the instant action, he must either pay the filing fee of $402.00 or, if he wished to proceed *in forma pauperis*, he must submit a certified copy of his inmate trust fund

1

account statement in compliance with 28 U.S.C. § 1915(a)(2) within thirty (30) days of the date of the order. (*See* Docket No. 3.) Martinez was warned that that failure to comply with this order may result in the dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice. He was also instructed that he must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary, and that failure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case.

Publicly available records indicate that Martinez is no longer incarcerated at the Hidalgo County Detention Center. *See Jail Records Search Results*, Hidalgo Cnty. Records Inquiry, https://pa.co.hidalgo.tx.us/JailingSearch.aspx?ID=400 (last visited Jan. 9, 2024) (showing that Martinez was released on 12/20/2023). The court has not heard from Martinez since he initiated this lawsuit in September 2023. In short, Martinez has failed to respond to the court's order of September 21, 2023, to submit an adequately-supported application to proceed *in forma pauperis*, and to update the Clerk with a change of address.

## II.     ANALYSIS

This lawsuit is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl*

*v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Martinez has failed to comply with the relevant rules and to prosecute this action.

Here, Martinez has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed *in forma pauperis*. Martinez has taken no other action in this case, nor has he communicated with the Court in any way, including providing his current address upon his release from jail.

This civil action should be dismissed for failure to prosecute because Martinez has failed to pay the filing fee and failed to comply with a court order. *See Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action *sua sponte* for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action *sua sponte* for failure to comply with court orders); *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"). It appears that no lesser sanction is available since Martinez did not comply with the Court's order, failed to provide an updated address, and has taken no other action in this case.[1] *See Carey v. King*, 856 F.2d 1439, 1441 (5th Cir. 1988) (finding that dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given *pro se* litigant's failure to provide a change of address).

---

[1] A copy of this Report will be sent to Martinez at the address he provided. Should Martinez respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

### III.     CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the civil action filed by Pete Edwin Martinez (Docket No. 1) be DISMISSED without prejudice based on the plaintiff's failure to prosecute. It is recommended that the application to proceed *in forma pauperis* (Docket No. 2) be DENIED as moot.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

The Clerk shall provide a copy of this order to the plaintiff.

SO ORDERED, the 11th of January, 2024 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge